UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PELEUS INSURANCE COMPANY,

                Plaintiff,        Civil Case No.:

v.

                **COMPLAINT FOR**
                **DECLARATORY JUDGMENT**

SOUTHWEST MARINE AND GENERAL
INSURANCE COMPANY AND NILSON
GARCIA ARENAS

                Defendants.
-------------------------------------------------------------x

     Plaintiff, PELEUS INSURANCE COMPANY ("Peleus" or "Plaintiff"), by its attorneys LONDON FISCHER LLP, states the following as and for its Complaint against Defendants, SOUTHWEST MARINE AND GENERAL INSURANCE COMPANY ("Southwest") and NILSON GARCIA ARENAS ("Arenas").

## NATURE OF THE ACTION

     1.     In this action, Peleus seeks a declaration that Southwest is obligated to defend and indemnify Southwest's insured, NYB Builders, Inc. ("NYB") in connection with an Underlying Action.

     2.     Arenas alleges he suffered injuries on November 11, 2020, and subsequently filed an Amended Verified Complaint on October 5, 2021 in Supreme Court, Kings County ("Underlying Action").

     3.     Peleus has been forced to defend NYB in the Underlying Action and has incurred defense costs and expenses because of Southwest's refusal to defend and indemnify NYB.

## PARTIES

4. At all times material hereto, Peleus was and is a Virginia insurance company (not an LLC) with its principal place of business in Chicago, Illinois.

5. At all times material hereto, Southwest was and is a foreign corporation with its principal place of business in Morristown, New Jersey, and is licensed and authorized to do business in the State of New York, including the issuance of insurance policies in the State of New York.

6. At all times material hereto, Arenas was, and is, domiciled in Hudson County, New Jersey.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 because the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

8. Personal jurisdiction over Southwest is proper as it is domiciled in Arizona and conducts business in the State of New York.

9. Personal jurisdiction over Arenas is proper as he is a resident of, and domiciled in Hudson County, State of New Jersey.

10. Venue is proper under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

4893-7277-0723, v. 1

## INSURANCE POLICY

11. Southwest issued a Commercial General Liability Policy to its Named Insured, Minerva Home Restoration Corp. ("Minerva") ("Southwest Policy").

12. The Southwest Policy provides coverage for "bodily injury" that takes place during its policy period and is caused by an accident.

13. NYB qualifies as an Additional Insured under the Southwest Policy on a primary and non-contributory basis.

## CONTRACT

14. In a March 25, 2020 contract, Minerva agreed to procure insurance on behalf of NYB, and to name NYB as an Additional Insured on a primary and non-contributory basis on its own insurance policy with Southwest ("Contract").

## ACCIDENT AND UNDERLYING LAWSUIT

15. On October 5, 2021, an Amended Verified Complaint was filed entitled, *Nilson Garcia Arenas v. 625 Warren LLC, NYB Builders Inc. and Minerva Home Restoration Corp.* Supreme Court, Kings County; Index No.: 523444/2020 ("Underlying Action"). On February 23, 2023, a Third-Party Action was filed entitled, *Minerva Home Restoration Corp. v. Tale Construction Corp.* ("Third-Party Action")

16. In the Underlying Action, Arenas alleges that on November 11, 2020 he was working at 625 Warren Street, Brooklyn, New York when was injured.

17. In the Underlying Action, Arenas alleges that Minerva is directly liable for the accident and his injuries.

4893-7277-0723, v. 1

18. Peleus assigned counsel to defend NYB and is paying for NYB's defense in the Underlying Action.

## TENDER

19. On February 9, 2021 and July 24, 2023, Peleus tendered NYB's defense and indemnity in the Underlying Action to Southwest.

20. On October 17, 2023, Southwest improperly denied coverage and rejected the tender under the Southwest Policy.

21. Southwest stated that due to a typographical error in the Contract, mistakenly referring to Minerva as a "subsubcontractor", no coverage was available to NYB.

22. Minerva is otherwise properly identified as a "subcontractor" throughout the remainder of the Contract.

23. The Contract is executed by NYB as "Contractor" and Minerva as "Subcontractor".

24. Southwest has improperly failed to defend and indemnify NYB in connection with the Underlying Action under the Southwest Policy.

25. Peleus has been forced to defend NYB in the Underlying Action and thus has incurred costs and expenses because of Southwest's improper refusal to defend and indemnify NYB.

26. An actual controversy exists between Peleus and Southwest with respect to Southwest's duty to defend and to indemnify NYB in connection with the Underlying Action.

27. Peleus has no adequate remedy at law.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

28. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "27'' as if fully set forth herein.

29. The subject accident and the Underlying Action fall within coverage afforded by Southwest under the Southwest Policy.

30. NYB is Southwest's insured under the Southwest Policy and is entitled to defense and indemnity from Southwest in connection with the subject accident and the Underlying Action.

31. Southwest must provide primary and noncontributory coverage for the subject accident and the Underlying Action to NYB under the Southwest Policy.

32. Peleus is entitled to a declaration that Southwest has a duty to defend and indemnify NYB on a primary and noncontributory basis in connection with the subject accident and the Underlying Action and must reimburse Peleus for past costs and expenses incurred for NYB as an Additional Insured under the Southwest Policy.

## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT

33. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "32" as if fully set forth herein.

34. The subject accident and the Underlying Action fall within the coverage afforded by Southwest under the Southwest Policy.

35. All terms and conditions of the Southwest Policy have been complied with and met.

36. Southwest is obligated to defend and to indemnify NYB on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Southwest Policy.

37. Southwest has breached its obligations by refusing to defend and to indemnify NYB in connection with the subject accident and the Underlying Action under the Southwest Policy.

4893-7277-0723, v. 1

38. As a result of Southwest's breach of its obligation to defend and to indemnify NYB in connection with the subject accident and the Underlying Action, Peleus has been required to incur costs that should have been incurred by Southwest and continues to do so.

39. Peleus has suffered and will continue to suffer damages on account of Southwest's refusal to fulfill its obligations to defend and to indemnify NYB in connection with the subject accident and the Underlying Action.

40. Southwest is liable for any and all damages by virtue of its breach of its obligation to defend and to indemnify NYB in connection with the subject accident and the Underlying Action, including paying past costs and ongoing costs and fees and expenses for defense and/or indemnity.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment as follows:

a. Declaring that Southwest has a duty to defend and to indemnify NYB on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the Southwest Policy and to reimburse Peleus for past costs and expenses;

b. Awarding Peleus all damages incurred by virtue of Southwest's breach of its obligation to defend and to indemnify NYB in connection with the subject accident and the Underlying Action; and

   c. Awarding attorneys' fees, costs and interest, and such other and relief as this Court may deem necessary and proper.

Dated: New York, New York
   February 9, 2024

          LONDON FISCHER LLP

         <u>/s/ William J. Edwins</u>
      By: James Walsh
        William J. Edwins
        Attorneys for Plaintiff
        Peleus Insurance Company
        59 Maiden Lane, 39th Floor
        New York, New York 10038
        (212) 972-1000
        Our File No.: 417.0567245